ERVIN, Judge,
concurring and dissenting.
While I concur in the affirmance of Sower’s conviction because I think the record amply sustains the conclusion that he consented to the search of the personal effects within his truck, I dissent to the affirmance of Pennington’s conviction since I do not believe that Sower could validly consent to the search of lockers owned by him and placed by him in Pennington’s possession. I agree, were it not for United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), that the deputy sheriff called to *1259 the scene by the agricultural inspector could lawfully have conducted a warrantless search of the contents within both defendants’ trucks once he had probable cause to believe marijuana was inside them. See Carroll v. United States, 267 U.S. 132, 45 S.Gt. 280, 69 L.Ed. 543 (1925), and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
An exception to the rule permitting such warrantless searches is that if the object of the search involves the personal effects of the possessor, the effects within vehicles may not be searched without warrants unless exigent circumstances, such as consent, are involved. The reason for the exception is that when one places his personal possessions inside luggage he
manifests] an expectation that the contents [will] remain free from public examination. No less than one who locks the doors of his home against intruders, one who safeguards his personal possessions in this manner is due the protection of the Fourth Amendment Warrant Clause. United States v. Chadwick, supra, 433 U.S. at 11, 97 S.Ct. at 2483 (e. s.).
Thus the decisions in Chadwick and Sanders recognized that substantially greater Fourth Amendment privacy interests are affected in searches of an individual’s luggage than • are in automobile searches. Moreover, once a person demonstrated a legitimate privacy interest in property possessed by him, it was unimportant to the disposition of those cases whether the individual evinced also an ownership in such property.
The question not before the Court in either of the two cases, and the crucial issue here, is whether an owner can validly consent to the search of personal effects placed by him in the possession of another, thereby binding the possessor, who has not consented? In my judgment he cannot. Immediately before Pennington’s detention she had exclusive possession of Sower’s footlocker and its contents. The law is reasonably free from uncertainty that merely because one owns the fee to realty, he cannot consent to the search of a house which he had placed in the exclusive possession of another under a'rental relationship. Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961); Tala vera v. State, 186 So.2d 811 (FIa.2d DCA 1966). Nor may hotel clerks validly consent to the search of a customer’s room. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Although the facts in the instant case are distinguishable from the above cases in that here personal property — as opposed to realty — is involved, the distinction is negligible. A bailor of personal property has no right to consent to the search of the bailed object during the period of the bailment. See People v. Smith, 67 Cal.App.3d 638, 136 Cal.Rptr. 764 (1977).
The determinative factor whether police are required to obtain a warrant before a search depends not upon whether the property to be searched is realty or personalty. The Warrant Clause does not distinguish between dwellings and other property. It “protects people, not places.” Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). And, “more particularly, it protects people from unreasonable government intrusions into their legitimate expectations of privacy.” United States v. Chadwick, supra, 433 U.S. at 7, 97 S.Ct. at 2481. The issue then turns upon whether the possessor has a substantial privacy interest in the area searched so that it could not be invaded unless either a warrant was obtained or exigent circumstances existed, thereby obviating the requirement for a warrant. In my judgment Pennington had a legitimate expectation that personal luggage placed in her truck would remain free from public scrutiny. Her privacy expectations were no less than those of a defendant whose luggage, allegedly placed in his possession by certain unknown persons, was held illegally seized because no warrant had first been obtained and no consent given to justify the seizure. See Shafi v. State, 377 So.2d 787 (Fla. 1st DCA 1979).
Even were it established that Sower had a shared possessory interest in the property found within Pennington’s vehicle — and *1260 there is nothing in the record supporting such a conclusion other than the fact of Sower’s ownership of the footlocker — I think the law is clear that Sower could not consent to the search because the record fails to demonstrate he had any access to Pennington’s motor vehicle.
Sower may arguably have had the right to consent to the search of articles owned by him, but he had no right to allow the officers to enter Pennington’s vehicle, neither owned nor possessed by him, to which he had no right of access. See discussion of validity of consent given by one who has general access to the area to be searched in Silva v. State, 344 So.2d 559, 563-64 (Fla. 1977), and in People v. Nunn, 55 Ill.2d 344, 304 N.E.2d 81 (1973), cert. den., 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 108.
Finally, and perhaps most important, Sower’s consent to the search of his own personal effects could not bind Pennington because the record shows that at the time of his consent, Pennington was both present and had refused the officer’s admittance into her vehicle. While a joint occupant has authority to consént to a search of jointly held premises if the other party is unavailable, Frazier v. Cupp, 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969); United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), “a present objecting party should not have his constitutional rights ignored because of a leasehold or other interest shared with another.” Silva v. State, supra, at 562 (e. s.). When first stopped, Pennington never gave the agricultural inspector permission to enter and search her truck. Later, at the jail, after being advised of her rights by a deputy sheriff, she refused to say anything. When searching officers, relying upon consensual search from third persons, are aware that the person who has refused consent “is the one whose constitutional rights are at stake . . . ” any resulting evidence uncovered from such a search is inadmissible against the person whose property is the object of the search. Id. at 563.
Pennington’s privacy interests were invaded by the search made of personal effects which were either in her exclusive possession or in the joint possession of both Sower and her. And, under the particular circumstances, only she could consent to the search of articles found inside Sower’s footlocker. I would reverse the judgment of conviction as to Pennington with directions that her motion to suppress be granted.